G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com
Attorneys for Plaintiff,
PAUL DUNSCOMB



FILED
JUN 18 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

PAUL DUNSCOMB,

   Plaintiff,

vs.

DIVERSIFIED COLLECTION SERVICES, INC.; and DOES 1 to 10, inclusive,

   Defendants.

Case No.: C12-03119

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

**Demand Does Not Exceed $10,000**

## COMPLAINT

## INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Paul Dunscomb an individual consumer, against defendant Diversified Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection

Practices Act, Cal. Civ. Code §§ 1788 *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## **VENUE AND JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code §§ 1788.30, and 28 U.S.C. § 1331 and § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## **PARTIES**

3. Plaintiff, Paul Dunscomb is a consumer, a natural person allegedly obligated to pay any debt, residing in the state of Pennsylvania.

4. Defendant, Diversified Collection Services, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County at 333 North Canyons Parkway, Suite 100, Livermore, California 94551. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

- 2 -
COMPLAINT

## FACTS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, calls which displayed the intent to harass and annoy Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff prior to June 4, 2012.

9. Upon information and belief, within one year prior to the filing of this complaint, threatened to garnish Plaintiff's wages itself, as well as to sue Plaintiff itself, when it cannot do so.

10. Upon information and belief, Defendant, within one year prior to the filing of this complaint, alerted Plaintiff's mother to the alleged debt without Plaintiff's consent; which is improper conduct with a third party who is not connected to Plaintiff's alleged debt.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in Plaintiff feeling stressed, and embarrassed, amongst other negative emotions.

## COUNT I – FDCPA

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

   (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

   (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

- 4 -
COMPLAINT

(e) Defendant violated §1692c(b) of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and without the contact being in a manner covered by §1692b of the FDCPA.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Paul Dunscomb for actual damages, statutory damages, and costs and attorney fees.

## COUNT II – RFDCPA

15. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

16. Defendant violated the Ronsenthal Fair Debt Collection Practices Act ("RFDCPA"). Defendant's violations include, but are not limited to the following:

(a) Defendant violated §§1788.1(d) and (e) of the RFDCPA by causing a telephone to ring repeatedly to annoy the person called and by communicating with Plaintiff with such frequency as to constitute an harassment under the circumstances; and

(b) Defendant violated §1788.12(b) of the RFDCPA by disclosing information regarding a consumer debt to Plaintiff's mother, when Plaintiff does not live with his mother nor does Plaintiff's mother serve as Plaintiff's legal guardian; and

(c) Defendant violated *§1788.17* of the RFDCPA by being a debt collector collecting or attempting to collect a consumer debt that is not compliant with the provisions of Sections 1692b to 1692j of the FDCPA, the references to federal codes in this section referring to those codes as they read as of January 1, 2001.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the RFDCPA, Defendant is liable to the plaintiff Paul Dunscomb for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Paul Dunscomb respectfully requests that judgment be entered against defendant Diversified Collection Services, Inc. for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Cal. Civ. Code § 1788.30.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30.

E. For such other and further relief as the Court may deem just and proper.

- 6 -
COMPLAINT

RESPECTFULLY SUBMITTED,

DATED: June 13, 2012          **PRICE LAW GROUP APC**

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PAUL DUNSCOMB demands trial by jury in this action.